Good morning, Your Honors, and may it please the Court. My name is Benjamin Rosenberg, and I represent the appellant Howard Rubin. I represented him below. Following a jury trial in April 2022, Mr. Rubin was found liable under the Trafficking Victims Protection Act, the TVPA, and ordered to pay plaintiffs $3.85 million. The judgment was affirmed on appeal. The TVPA provides that a prevailing plaintiff is entitled to reasonable attorney's fees, and the district court awarded fees of $4.83 million. Those fees were not reasonable under the circumstances of the case, and it is that award from which we appeal. So it's abusive discretion, is that the standard? It is, Your Honor. It's a fee that no judge could reasonably, who knows what he or she is doing, got his brain, her brain to reasonably do. Judge, it was — I don't want to castigate or be more inflammatory than I need to. It was an abusive discretion, and here's why. The standards are that absent compelling circumstances, the court is to rest on the prevailing rates in the district. That's very clear. And the plaintiff bears the burden of proving with specific evidence that the enhancement is necessary. So the trial judge noted that there really weren't prevailing rates for TVPA cases. He said there really weren't. TVPA lawyers, there aren't a lot of cases awarding fees. There are a lot of cases awarding fees in these types of cases. So was it an abuse for him to add something on for the uniqueness of the practice? Your Honor, yes. I think that there were sufficient cases. We did bring cases to the attention of the district court that were TVPA cases, one from the eastern district, one from the southern district. And those the Court dismissed and said — distinguished, but they were indeed TVPA cases. And in its place, the Court had nothing else. There was no other evidence of — that the rates it selected and based its analysis on were reasonable in any way, shape or form. Because — I'm sorry? I'm sorry. You know, the prevailing rates, I think the parties for the district court assumed and we had argued were those that Judge Block had recently enunciated in the Rubin case, and the Court did not use those. Instead, the Court anchored its analysis on rates that the plaintiff's counsel, who was not from the district, had used in other cases and for other clients. That's a complete abuse of discretion. There's no element of it that addresses what was a reasonable fee in this case. To the contrary, the reasonable fee in this case had to begin with the district court rates, excuse me, the prevailing rates in the district, and the analysis simply did not do that. But you won a significant victory before Judge Kogan. These people wanted $8 million, and you litigated and argued and knocked off $4 million from the State declined $4 million. Yes, Your Honor. Skillful advocacy. Well, not on my part. Thanks to my colleagues and whatever other circumstances were. But the fact is, this is still — It creeps out of your firm. Well, thank you very much, Your Honor. I appreciate that. But with respect, we did knock it down. It should have been knocked down further. So this has been going on for, what, seven years? Yes, Your Honor. It was, I think, maybe longer. I can't remember if it was a 2017 file case. With respect, we were ready to go to trial before COVID. COVID extended it greatly, of course. No, I'm not blaming anyone for the delay. But we, too, want an end to the case. And that's why, with respect, we think the correct decision here is for the court to direct the district court to simply apply the prevailing rates in the district. That's the appropriate thing. There's no foundation, I would submit, in the record to do anything but that. And there's no evidence that would warrant an adjustment. I do acknowledge, Your Honor, it is an abusive discretion standard. We understand that. And we understand that the Court has great discretion. But even that discretion has to be used. It can be tabbed. It's still reviewable. And here I would submit that the Court used simply unsupported and an imprecise basis to reach its decision. And that's precisely — Let me pick up on something that Judge Chin asked. These are very unusual cases, given the statutory framework. You would agree with that, at least here? There are fewer — I certainly agree, Your Honor, that there are fewer of them, although perhaps not so unusual. There were, as we said, cases we pointed out. There were no cases — and the Court could have looked at cases across the country or elsewhere. I recognize that there's a presumption in favor of the local rates. But it still could have looked at other cases to try to find it. There are other reported cases in other places since we submitted our brief. You know, I think one case we missed when we — before we submitted our brief had another TVPA case in the Southern District that had rates absolutely consistent with Patel and Pagernian, the cases that we cite. I'd also note there's one other piece of evidence that was significant in this case that the Court simply did not acknowledge. The Court, as I said, looked at counsel's rates in other cases. It didn't look at the rates that counsel used in this case, or the agreement that counsel used in this case. There was a contingency fee agreement. And as we demonstrated in our brief, that if that had been used, the recovery would have been about a third of what the Court ordered. I respectfully submit that — — nature or contingency rate, isn't that something that inures to the benefit of the district court's attorneys' fees? Forgive me, Your Honor. I would submit not. Let me back up. The district court actually explored all the Johnson factors. It did. Okay. And one of the things it considered was the fact that plaintiff's attorneys were doing this largely on contingency. Is that right? No, I don't believe so, Your Honor. What it did was — and Your Honor may be referring to something slightly different that is important to note. What the Court did was not consider that the trial court had — excuse me, that the counsel had this on a contingency. What it did was said that this was an undesirable case because it was risky. Yes. Okay. But, Your Honor, the Supreme Court in City of Burlington v. Degue has been very clear that the risk in the case, the risk that one would lose, is not a fact to be considered in enhancing a fate. And so I think that that was an error on the Court's part. What we argued is the Court should have looked at what — So I just want to make sure that I understand you're saying or you're asking us to basis that the district court judge conflated risk with contingency? I don't know if I would say it conflated — forgive me, Your Honor — risk with contingency. I would say that it appears to have increased the amount, the fee, because it was a case that could be lost or had a high risk of being lost. And it could be lost at the — to the detriment of plaintiff's attorneys because it was a — was it a contingent? The fee agreement he had was a contingency fee agreement. Correct. Okay. But the Court never mentioned that agreement, never referred to it. Rather, when he was doing the Johnson factors, when he was describing what appears to be the desirability of the case or the undesirability of the case, which I think he misunderstood for reasons stated in our brief, also said this was a risky case. It was not a case, he said, for the faint-hearted, and therefore it increased the rate. That was true, wasn't it? It was true, but it's not a factor — It's not a case for the faint-hearted. Not a case for the faint-hearted. Isn't it inappropriate for a trial judge to look at the nature of a case, the complexity of the case? I mean, the more complex a case, you'd want perhaps a more sophisticated lawyer, isn't that right? Well, the more complex the case — the Court has said that the complexity of the case is captured within the prevailing rate fee and is not to be — that's not — because — basically because it's reflected in the hours. In deciding what — where to go within the prevailing rates, is it not appropriate to look at the complexity of it? The Court has said that the complexity of it is reflected in the hours component. Because a more complex case takes greater scrutiny, greater care, reviewing more documents or whatever. But what the Court has clearly said is that the risk of the case — and again, I respectfully refer the Court — But don't the cases also say, you know, this is not something that needs to be done rigidly, the whole process of calculating and awarding fees? Yes, and that's why it's an abuse of discretion. Flexible approach? Yes, Your Honor. However — yes, there is. There must be some flexibility. I can see that. But here I think there was — it was so far beyond the bounds of what is reasonable that it does — was indeed an abuse of discretion. And here, as the Court said in Perdue, that awards — that when a trial judge awards an enhancement on an impressionistic basis, a major purpose of the lodestar method, that is providing an objective and reviewable basis for fees is undermined. Thank you. And respectfully, I submit that was done here. Thank you. Thank you for your time. Appreciate it. We'll reserve the decision.